UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:19-CR-212-DBH |
| ) | |
| JEANNE MORGANSTERN, ) | |
| ) | |
| DEFENDANT ) | |

**PROCEDURAL ORDER**

1. On November 18, 2020, I conducted a testimonial hearing on the defendant's motion to suppress. The government offered its exhibits and they were admitted without objection. The defendant marked but did not offer her exhibits. Before the hearing I was told there would be two law enforcement witnesses. The government examined the two witnesses and the defendant cross-examined them. When the testimony was completed, the lawyers and I took steps to clear the courtroom as soon as possible to reduce the risks of COVID-19 spread. As a result, I set deadlines for briefing the motion to suppress. But I neglected to confirm that in fact both sides had rested on their cases and that the record was complete. Accordingly, I now **ORDER** that if either party believes the record is not complete, he/she shall so notify the court by November 23, 2020, and specify what needs to be added to the record.

2. The parties also asked me to identify any particular issues I would like them to address in their briefs. The issues I would like addressed specifically (in addition to any issues they choose to raise) are these:

a. Since state law enforcement stopped the defendant's vehicle ostensibly because of a state law traffic infraction, namely, she was not wearing a seat belt, what is the effect of 29-A M.R.S.A. § 2081(3-A) on the troopers' order that the defendant leave her vehicle and their conducting a K-9 sniff for drugs? ("A vehicle, the contents of a vehicle, the driver of or a passenger in a vehicle may not be inspected or searched solely because of a violation of this subsection.")  I understand the language I have quoted was added to the statute in 2007 when the Legislature removed the previous requirement that the seat belt law could be enforced "only if a law enforcement officer has detained the operator of a motor vehicle for a suspected violation of another law."

b. If I find that the state troopers had no interest in pursuing the traffic infraction(s), how shall I apply the First Circuit's language in United States v. Dion, 859 F.3d 114, 124 (1st Cir. 2017), where, after discussing the Supreme Court decisions of Rodriguez and Caballes, it said that "any action undertaken with respect to the [traffic] stop 'must be reasonably related in scope to the stop itself "unless the police have a basis for expanding their investigation"'"? See also United States v. Ramdihall, 859 F.3d 80, 90 (1st Cir. 2017) ("a police officer may not prolong a traffic stop to conduct a K-9 sniff beyond the time necessary to handle the traffic violation that justified the stop"). Recent cases from other circuits addressing the "Rodriguez moment" are United States v. Campbell, 970 F.3d 1342 (11th Cir.

2020); and United States v. Green, 897 F.3d 173 (3d Cir. 2018). They in turn cite other circuits.

c. If I find that the trooper touched the defendant's vehicle in encouraging the K-9 to "target" and thereby obtain information about the odor of drugs emanating from the vehicle, does that implicate United States v. Jones, 565 U.S. 400 (2012) (physical trespass on a vehicle exterior to obtain information on the vehicle's movements is a search)?

**SO ORDERED.**

**DATED THIS 19TH DAY OF NOVEMBER, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**